UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HARRY H. KUTNER, JR., individually
and on behalf of all similarly situated
Nassau County residents eligible to bear
arms, and

                Plaintiffs,         **COMPLAINT**

  - against -                Case # CV-22-

COUNTY OF NASSAU, and

BRUCE A. BLAKEMAN, personally and in his
official capacity as Nassau County Executive, and

PATRICK J. RYDER, personally and in his official
capacity as Nassau County Police Commissioner,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      The plaintiff, HARRY H. KUTNER, JR., individually and on

behalf of all similarly situated Nassau County residents eligible to bear arms,

complaining of the defendants, respectfully alleges:

**JURISDICTION**

      1.    That this claim arises under the laws of the United States,

particularly 42 U.S.C. §§ 1983, 1985, and 1988, and the Second, Fifth and

Fourteenth Amendments of the United States Constitution, and 12 U.S.C. §§

3401, *et seq.*, and 26 U.S.C. § 6103.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 825
GARDEN CITY, N.Y. 11530
(516) 743-1400

2.    That this Court has jurisdiction over these claims under by virtue of 28 USC §§ 1331 and 1343, and 1651, and 2201-2202.

### JURY DEMAND

3.    That plaintiff demands a trial by jury of all issues.

### PARTIES

A.    Plaintiff class

4.    That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, State of New York.

5.    That at all times hereinafter mentioned, plaintiff was a citizen and a person within the jurisdiction and entitled to the protection of the laws of the United States of America.

6.    That plaintiff brings this action individually and on behalf of all Nassau County residents eligible to bear arms and thus similarly situated.

(1)    Numerosity

7.    That said plaintiff class is defined as all Nassau County residents who are eligible to apply for, or already possess, a pistol license issued by the defendants.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1025 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

8.    That said class therefore encompasses the entire adult population of Nassau County over 21 years old which according to the 2020 U.S. Census is 1,091,862 (78.5% of 1,390,907 total population).

9.    That said class is therefor by definition "numerous."

(2) Commonality

10.    The issue presented is identical for the entire class: whether defendants' licensing rules and procedures as administered and applied violate the Second Amendment and thereby deprive class members of their right to possess-carry pistols.

(3) Typicality

11.    That plaintiff's allegations of unconstitutionality are identical as to each and every individual in the class.

4) Ability to fairly-adequately protect class

12.    That plaintiff, as an active practicing litigation attorney, provides an efficient, cost-effective method to advance the class claim.

(5) Ability of counsel

13.    That plaintiff has previously successfully prosecuted class actions in federal and N.Y. State courts.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1825 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

Page -3-

14. That said action is brought under FRCP 23(b)(1)(b), (2) and (3) since its success would be beneficial to members of the class.

B.   Defendants

15. That at all time hereinafter mentioned and upon information and belief, defendant, COUNTY OF NASSAU (hereinafter referred to as "County"), was and still is a political subdivision of the State of New York.

16. That at all times hereinafter mentioned and upon information and belief, defendant, BRUCE A. BLAKEMAN (hereinafter referred to as "Blakeman"), was and still is a resident of the State of New York, and the chief executive officer of the co-defendant, COUNTY.

17. That at all times hereinafter mentioned and upon information and belief, defendant, PATRICK J. RYDER (hereinafter referred to as "Ryder"), was and still is a resident of the State of New York and the Commissioner of the Nassau County Police Department.

18. That at all times hereinafter mentioned and upon information and belief, defendant, RYDER, was a subordinate of defendant, BLAKEMAN, in the Executive Branch of defendant, COUNTY.

IARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1300 FRANKLIN AVENUE
SUITE 255
GARDEN CITY, N.Y. 11530
(516) 742-1400

19.     That at all times hereinafter mentioned and upon
information and belief, the individual defendants are named herein both
personally and in their official representative capacities as officials of
defendant, COUNTY.

20.     That at all times hereinafter mentioned and upon
information and belief, each and all of the acts of the individual defendants
alleged herein were done by such defendants under color and pretense of the
statutes, laws, ordinances, regulations, customs, and usages of the State of
New York, and by virtue of their authority as officials of defendant, COUNTY.

### PREFACE

21.     That this action arises from defendants' refusal to accept
an individual's Second Amendment right to possess and bear-carry firearms.

22.     That defendants refuse to obey the law as decreed in
*District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. Chicago*, 561
U.S. 742 (2010, and *NYSRPA v. Bruen*, 142 S. Ct. 2111 (2002), that handgun
licensing is an individual's constitutional right.

23.     That defendants' said actions are rooted in the
constitutionally violative position that a handgun license is not a guaranteed
right but only a privilege to be bestowed at their whim, caprice, and sole

HARRY H. KUENER, JR.
ATTORNEY-AT-LAW
1285 FRANKLIN AVENUE
Suite 225
Garden City, N.Y. 11530
(516) 741-1490

discretion to limited individuals selected in an unconstitutionally restrictive manner.

24.     That defendants have always and now unabashedly continue to deny license applications through arbitrary and unlawful restrictions and demands, and outright refuse to issue licenses and/or further limit renewals.

25.     That defendants further violate the constitutional right in unreasonably emburdening, hampering and delaying applications to discourage them.

26.     That defendants' illicit approach is incontrovertibly established by their (BATES 001-009) "PISTOL LICENSE APPLICATION INSTRUCTIONS (Rev. 01/18)" and their "PISTOL LICENSE APPLICANT QUESTIONAIRE [PDCN Form 490 (Rev. 2/16)]," both revised after but without compliance with *Heller* and *McDonald*, and now continued post-*Bruen*.

27.     That defendants' Questionnaire's headline box (BATES 005, top of page) removes any doubt that they eschew the Supreme Court's rulings: it restricts the applicant's constitutional right to bear arms by requiring him-her to choose among seven delimitting categories:

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

1) "TARGET/HUNTING," 2) "BUSINESSS/TARGET/HUNTING,"

3) "ARMORED CAR GUARD," 4) "RETIRED FED LEO," 5) "RETIRED PEACE

OFFICER," 6) "RETIRED POLICE OFFICER," 7) "OTHER _____."

       28.    That post-*Bruen*, there can only be <u>one</u> type of pistol

license, i.e., the formerly known as "Full Carry" unrestricted license, as none

of the others are *Bruen*-compliant.

       29.    That defendants' least restrictive license for a civilian non-

retired law enforcement individual, i.e., "BUSINESS/TARGET/HUNTING," is

*per se* dismissive-restrictive-violative of the Second Amendment.

       30.    That defendants' "PISTOL LICENSE DECLARATION

FORM" (BATES 007) contains further constitutionally anathemic conditions

at paragraphs 4 and 5 forbidding carrying a pistol within New York City and

in limiting its use only to the restricted purpose on the license.

       31.    That all the above unlawful acts have been glaringly

accentuated by defendants' refusal to renew plaintiff's 32-year long

"Business" carry pistol license, further restricting-downgrading it to a

"Target/Hunting" license [Bates 065] because he was unable to demonstrate

"cash deposits" into his attorney IOLA and general office accounts, a double

constitutional violation in that no such limit ("Business") of an individual's

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1996 Franklin Avenue
Suite 225
Garden City N.Y. 11580
(516) 741-4400

right to carry can be imposed, nor can it be refused because of a failure to meet a special need or condition, e.g., a lack of cash receipts.

## BACKGROUND

32.     That the Second Amendment to the U.S. Constitution guarantees ". . . the right of the People to keep and bear arms" for self-defense, and encompasses the right to public carry, *Bruen,* at 2111, 2125, and 2134 (2022).

33.     That this "right" was placed second in importance only to the First Amendment's freedoms by the Founding Fathers, *Bruen,* at 2156.

34.     That this "right" has now been decreed through three U.S. Supreme Court decisions (*Heller, McDonald,* and this year in *Bruen*) to be innate to each citizen not only to possess but to bear (carry) arms inside and outside their homes. Thus the proper constitutional approach is that every citizen is automatically *entitled* to a pistol "fully carry" license to bear arms inside-outside their homes unless a disqualifying factor is present.

35.     That New York's approach since its "Sullivan Law" was first passed in 1911 has been the reverse of the constitutional right proclaimed by the Second Amendment: *it presumes no citizen has a right to possess-bear arms but can be permitted to do so in the State's discretion*

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
3385 Franklin Avenue
Suite 223
Garden City, N.Y. 11580
(516) 741-1400

*provided "proper cause" is proven that there is a "special need" to differentiate the applicant from the remainder of the population.* That approach was specifically and unqualifiedly struck down by *Bruen*, at 2122 and 2156.

36.    That *Bruen* specifically reiterated that "the right to bear arms . . . shall not be infringed," citing *Heller*, 554 U.S. at 592.

37.    That *Bruen*, at 2156, further voided the "may issue" approach of New York's discretionary "suitability - proven special need" standard as applied by defendants.

38.    That after the opinion in *Bruen* was issued on June 23, 2022, New York not only refused to follow its "crystal clear" message but doubled down in calling a Special Session and rush-passing a new law within seven days entitled the "Concealed Carry Improvement Act" (hereinafter referred to as "CCIA"), continuing its discretionary "may issue" approach using subjective criteria as a denial of the right unless a special need is established. More appropriately, it should have been named the *"Bruen Rejection Law."*

39.    That defendants have, prior to *Bruen* and now still, follow New York's unconstitutional presumptive negative discretionary pistol license issue approach.

HARRY H. KOTNER, JR.
ATTORNEY-AT-LAW
1225 Franklin Avenue
Suite 225
Garden City, N.Y. 11530
(516) 741-3400

40.     That defendants, even when issuing a pistol license, attach unconstitutional limits on its use as demonstrated on its "Pistol License Applicant Questionaire" in the shaded header box immediately at the top entitling the various *categories of limitation* (Bates 005).

41.     That defendants have refused to follow the law of the land as decreed by the U.S. Supreme Court's three decisions. It is to be noted that although defendants' licensing forms (BATES 001-009) were revised after *Heller* and *McDonald,* they clearly did not revise them to comply with those opinions, and have not at all been revised post-*Bruen.*

## PLAINTIFF'S HISTORY UNDER DEFENDANTS' UNCONSTITUTIONAL APPROACH

42.     That plaintiff lives in Nassau County.

43.     That plaintiff is an active practicing attorney admitted in New York State (1974), the Eastern and Southern Districts (1975), the Second Circuit (1980), and the Supreme Court (1980).

44.     That plaintiff is a married grandfather who has had the good fortune, as a civilian, to have never needed to pull nor fire his gun.

45.     That plaintiff was a U.S. Marine, a State Parkway police officer, and has been a licensed "Business" gun holder for approximately

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1225 FRANKLIN AVENUE
SUITE 325
GARDEN CITY, N.Y. 11530
(516) 741-3400

thirty-two years.

46. That prior to *Bruen*, for all those 32 years (1990-2022), plaintiff has carried his gun under the "Business" carry restriction of its use.

47. That plaintiff's "Business" license expired this year.

48. That for plaintiff's reapplication, defendants' instructions-regulations were a laundry list of unconstitutional "No-No(s):"

BATES PAGE 010

A. Title, "Nassau County *Business* Pistol License:" no such limitation is maintainable under *Bruen*;

B. Paragraph 1 immediately proclaims the unconstitutional context of the defendants' licensing;

C. three following "Notes," each imposing unconstitutional blanket conditions;

D. Paragraphs 2, 3, 4 are irrelevant to the issues herein;

E. Paragraph 5 defines the unconstitutional prerequisite hurdles constructed by defendants to deny an applicant;

BATES PAGE 011

F. dictates the content of the First and Second paragraphs of the "Letter of <u>Necessity</u>," clearly afoul of *Bruen*.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1995 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11580
(516) 747-1400

49.     That defendants' instructions-regulations detail the
unconstitutionally required *showing of any applicant's "need" for a
"Business" carry license* [Bates 010-011, especially 010, introductory
paragraph and paragraph 5(e) and (f) "bank statements" (015-025) and "tax
returns" (026-064)], all of which were complied with by plaintiff:

A.      a notarized "Letter of Necessity" declaring:

1.      still actively in business;

2.      that there were no changes of "need;"

3.      why renewal was sought (long hours in office, in a
large office building with tax security, many times
seven days per week, often late in evenings, as well
as attending some courts in high crime areas);

4.      detailing regular prescription medications;

5.      a declaration of need based on handling large sums
of cash or negotiable instruments;

B.      James O. Druker's proof of business office tenancy
(Bates 014);

C.      copies of last two months business bank statements
(Bates 015-025);

D.      federal and state tax returns for 2021 (Bates 026-064).

HARRY H. KOTNER, JR.
ATTORNEY-AT-LAW
1025 FRANKLIN AVENUE
SUITE 825
GARDEN CITY, N.Y. 11530
(516) 741-1480

50.    That upon plaintiff's filing for renewal on November 15, 2022, the defendants refused to renew plaintiff's "Business" carry license because his bank statements showed no cash deposits, and refused to issue him an unrestricted "Full Carry" license. Instead they downgraded him and issued a "Target/Hunting" license [Bates 065].

51.    That thereafter plaintiff contacted a County official, relating the refusal and observing that the "Business" restriction license alone violated *Heller-McDonald-Bruen,* as well as defendants' refusal to renew because of "no cash deposits," and noting the potential downsides of class action litigation. Plaintiff's request that defendants re-issue his license in accord with *Bruen* was obviously unproductive.

52.    That this class action addresses the general impermissibility of requiring proof of special need for a "full carry" pistol license, and of "restrictions" and "limitations" on pistol licenses, and particularly the unconstitutional refusal to renew plaintiff's and other Nassau County residents' licenses ("no cash deposits") while downgrading them to "Target," and the unconstitutional refusal to issue "full carry" licenses to all residents, all in violation of their Second Amendment right to possess and bear-carry arms.

ARBY H. KUTNER, JR.
ATTORNEY-AT-LAW
1065 FRANKLIN AVENUE
SUITE 205
GARDEN CITY, N.Y. 11530
(516) 747-1400

## PLAINTIFF WAS NOT DEFENDANTS' ONLY "VICTIM"

53.     That prior to filing this action, plaintiff attended a Nassau County Criminal Courts Bar Association (hereinafter referred to as "CCBA") Past Presidents meeting and was informed about a Theodore Roosevelt American Inns of Court program.

54.     That at the CCBA meeting, plaintiff heard another Past President mention a denial-downgrade of an attorney's "Business" carry pistol license, ascribing it to an NPCD blanket policy to deny all attorneys' renewals of such licenses or new applications for them. Days later during the Inns Program, several more attorneys confirmed the policy.

55.     That upon information and belief based on four years as a police officer followed by 49 years of law practice, there is no question that the police and particularly the NCPD are antipathetic to attorneys generally and criminal defense attorneys especially.

56.     That defendants' demand-downgrade of plaintiff's license in the circumstances confirms the existence of said unconstitutional blanket "no attorney license" policy thereby further victimizing a sub-group of the plaintiff class.

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1565 FRANKLIN AVENUE
SUITE 335
GARDEN CITY, N.Y. 11530
(516) 741-1400

Page -14-

## AS AND FOR A FIRST CLAIM FOR RELIEF
{Violations of Second and Fourteenth Amendments
- and - federal financial privacy laws}

57.     That on or about 1990, plaintiff was issued a pistol license, endorsed "Business" which limited his permission to carry a handgun for only "business" purposes.

58.     That from the date of its issuance to 2022, it was renewed several times.

59.     That on or about November 15, 2022, at Nassau County Police Headquarters, plaintiff sought to again renew his license.

60.     That as per defendants' renewal instructions (Bates 010-011), plaintiff provided defendants with all the records requested including a sworn "Letter of Necessity," confirmation of business residency-tenancy, attorney IOLA and office bank account statements for two months, and 2021 federal and state income tax returns (Bates 012-064; 026-064 to be separately filed under seal).

61.     That at the time and place aforesaid, defendants' Pistol License Bureau refused to re-issue the "Business" license based on a "lack of cash deposits."

62.     That at the time and place aforesaid, defendants' Pistol

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 825
GARDEN CITY, N.Y. 11530
(516) 741-1400

License Bureau issued plaintiff a downgrade, substantially less usable, lower level "Target/Hunting" license (Bates 065).

63.     That as a citizen of the United States with no disqualifying factors, and pursuant to the U.S. Constitution, Second and Fourteenth Amendments, plaintiff was and is entitled to an unrestricted full carry pistol license.

64.     That defendants' preconditional demand for records in order to renew plaintiff's license, was-is in violation of the U.S. Constitution, Second Amendment as plaintiff is entitled to its issuance without any "qualifying proof" of "proper cause" (pre-*Bruen*) and now "good moral character" (new N.Y. State CCIA law), both to be discretionarily assessed by a Pistol License Bureau - assigned police officer or civilian clerk.

65.     That defendants' preconditional demand for bank records and then disqualification based on lack of "substantial cash deposits" was and is a violation of the U.S. Constitution, Second and Fourteenth Amendments.  Plaintiff is entitled to its issuance without said "qualifying proof," and defendants' mandate therefor is also a violation of the Federal Right to Financial Privacy Act, 12 U.S.C. §§ 3401, *et seq.*

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 Franklin Avenue
Suite 335
Garden City, N.Y. 11530
(516) 741-4400

66.    That defendants' preconditional demand for plaintiff's 2021 income tax returns, and then disqualification based on the information contained, was and is a violation of the federal IRC, 12 U.S.C. § 3401, *et seq.* and 26 U.S.C. § 6103.

67.    That said constitutionally violative preconditions are applied to each and every Nassau County pistol license applicant.

68.    That as a result of the foregoing, individually and on behalf of all similarly situated Nassau County residents eligible to bear arms, plaintiff is entitled to and thus seeks the following relief:

A.    a judgment enjoining defendants to issue plaintiff an unrestricted "full carry" pistol license; and

B.    a judgment declaring defendants' prohibition of any licensee's possession of a pistol within New York City to be unconstitutional; and

C.    a judgment enjoining defendants to comply with *Heller-McDonald-Bruen,* thereby removing preconditions that are incompatible with the Second and Fourteenth Amendments, and issuing unrestricted full carry pistol licenses to members of the class as required therewith; and

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1585 FRANKLIN AVENUE
SUITE 335
GARDEN CITY, N.Y. 11530
(516) 741-1460

D.    a judgment enjoining defendants to issue pistol licenses to members of the class no more than six months from date of application; and

E.    a money judgment against defendants for the inconvenience, wasted time, and expenses incurred particularly by the individual plaintiff herein, and also by each of the other qualifying members of the class; and

F.    for punitive damages to each member of the class for defendants' deliberate, contumacious, and arrogant behavior, due to defendants' decision based on raw political expedience in a conscious and brazen defiance of the crystal clear, unequivocal rulings of the U.S. Supreme Court; and

G.    pursuant to 42 U.S.C. § 1988, for an award of counsel fees, costs, expenses of litigation, and disbursements as provided by law; and

H.    for any such other and further economic, injunctive, and/or other relief which is just, equitable, and proper, and compelled by the law and circumstances.

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 625
GARDEN CITY, N.Y. 11530
(516) 741-3400

## AS AND FOR A SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983 Deprivation of Civil Rights based on
violations of 2nd, 5th & 14th Amendments)

69.     That plaintiff repeats, reiterates and realleges each
and every allegation as set forth in paragraphs "1" through "68" as though
more fully set forth herein at length.

70.     That defendants' violations of the Second, Fifth and
Fourteenth Amendments as carried out in their licensing rules and
procedures violate the plaintiff class' Second Amendment rights.

71.     That defendants' licensing rules and procedures, in their
deprivation of plaintiff class' rights under the Second Amendment, and
subjection of plaintiff and others similarly situated to unconstitutional,
arbitrary and capricious rules and procedures, denied them Due Process
under the Fifth and Fourteenth Amendments, and caused them to suffer
delays and endanger their health, safety, and welfare in their not being able
to carry their pistols for protection, all in violation of their rights, privileges,
and immunities under the Second, Fifth and Fourteenth Amendments.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 and 2nd, 5th, and 14th Amendments
- blanket denial of attorneys)

72.     That plaintiff repeats, reiterates and realleges each

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1205 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

and every allegation as set forth in paragraphs "1" through "71" as though more fully set forth herein at length.

73.    That if plaintiffs prosecuted a policy of uniform denial of attorneys' applications for issuance and/or renewal of "Full Carry" and "Business" pistol licenses, then said actions were-are unconstitutional.

74.    That based on the foregoing, said actions would also have violated all such attorneys' civil rights.

75.    That based on the foregoing, the policy's authors and all police personnel implementing-enforcing it would have to be added as class defendants.

### AS AND FOR A FOURTH CLAIM FOR RELIEF
(42 U.S.C. § 1985 - Conspiracy)

76.    That plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "75" as though more fully set forth herein at length.

77.    That upon information and belief, from common sense and the easily understood crystal clear meaning and consequences of the *Bruen* decision, and its impact locally, and from the fact that defendants' Second Amendment violations are so inarguably obvious, that after *Bruen's*

LARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1895 Franklin Avenue
Suite 205
Garden City, N.Y. 11530
(516) 741-1400

Page -20-

issuance, they must have personally realized its impact on their licensing rules and procedures and then discussed it among themselves and with attorneys in the County Attorney's office, NCPD-NYSP-NYPD counsel, N.Y. State Attorney General, NYC Corporation Counsel, and even their personal and political parties' attorneys, but for a purely political calculus that there were less Nassau County residents that would be upset by their continuing the violations of the Second Amendment than those who would be upset by their compliance with *Bruen*, they intentionally continued violating the Second Amendment.

78.     That upon information and belief, if defendants have instituted the policy of blanket denial of all attorneys from renewal-new pistol licenses, it is a *per se* denial of the Second, Fifth and Fourteenth Amendments, and said actions constitute a conspiracy to violate the constitutional and civil rights of that sub-section of the plaintiff class.

<u>AS AND FOR A FIFTH CLAIM FOR RELIEF</u>
(12 U.S.C. § 3401, *et seq.* and 26 U.S.C. § 6103 - compulsory disclosure of confidential tax returns and financial records)

79.     That plaintiff repeats, reiterates and realleges each and every allegation as set forth in paragraphs "1" through "78" as though more fully set forth herein at length.

HARRY H. KOTNER, JR.
ATTORNEY-AT-LAW
1295 FRANKLIN AVENUE
SUITE 205
GARDEN CITY, N.Y. 11530
(516) 741-1400

80. That defendants, in setting forth the records that must be produced for licensing and renewal, mandate production of income tax returns and bank account statements [Bates 010, paragraph 5 (e) and (f)].

81. That on November 15, 2022, plaintiff produced said records (Bates 012-025; 026-064 supporting tax returns and bank records withheld pending filing under seal).

82. That defendants' compelling plaintiff and other class member applicants' production of those records is barred as irrelevant to an individual's right to bear arms under the Second Amendment.

83. That defendants' said procedural requirement should thereby be enjoined, prohibiting defendants' compulsion of the production of the Second Amendment-irrelevant and federal privacy protections-violative personal financial records.

WHEREFORE, plaintiff demands that judgment be entered against defendants:

    A.    enjoining defendants to issue plaintiff an unrestricted "full carry" pistol license; and

    B.    declaring defendants' prohibition of any license's possession of a pistol within New York City to be

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1883 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11830
(516) 791-3400

unconstitutional; and

C.     enjoining defendants to comply with *Heller-McDonald-Bruen*, thereby removing preconditions that are incompatible with the Second Amendment, <u>and</u> issuing unrestricted full carry pistol licenses to members of the class as required therewith; and

D.     enjoining defendants to issue pistol license to members of the class no more than six months from date of application; and

E.     for compensatory damages for the constitutional and statutory violations consequentially suffered thereby particularly by the individual plaintiff herein, and also by each of the other qualifying members of the class; and

F.     for punitive damages to each member of the class for defendants' deliberate, contumacious, and arrogant behavior, due to defendants' decision based on raw political expedience in a conscious and brazen, stubborn and persistent defiance of the crystal clear, unequivocal rulings of the U.S. Supreme Court; and

G.     for an award of counsel fees, costs, expenses of litigation, and disbursements as provided by law; and

ARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1933 FRANKLIN AVENUE
SUITE 205
GARDEN CITY, N.Y. 11580
(516) 741-1400

H.    for any such other and further economic, injunctive,

and/or other relief which is just, equitable, and proper,

and compelled by the law and circumstances.

Dated: Garden City, New York
       December 12, 2022

HARRY H. KUTNER, JR. (K-9497)

HARRY H. KUTNER, JR.
ATTORNEY-AT-LAW
1325 FRANKLIN AVENUE
SUITE 225
GARDEN CITY, N.Y. 11530
(516) 741-1400

ALL-STATE LEGAL®
800.222.0510 www.aslegal.com

*Index No.*        *Year 20*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HARRY H. KUTNER, JR., et al.,

                      Plaintiffs,

       -against-

COUNTY OF NASSAU, et al.,

                      Defendants.

## SUMMONS AND COMPLAINT

*Attorney(s) for*

**HARRY H. KUTNER, JR.**
Plaintiffs

1325 FRANKLIN AVENUE, SUITE 225
GARDEN CITY, NEW YORK 11530
(B) 516-741-1400
(F) 516-741-8712
(E) HHKUTNERLAW@GMAIL.COM

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* ...............................      Signature ...............................................................................

                                         **HARRY H. KUTNER, JR.**

*Service of a copy of the within*                                       *is hereby admitted.*

*Dated:*

                                 *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*               *20*
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                        , *one of the judges of the within-named Court,*
SETTLEMENT   *at*
           *on*                    *20*    *, at*          *M.*

Check Applicable Box

*Dated:*                                       **HARRY H. KUTNER, JR.**

                            *Attorney(s) for*