| BRUCE A. BLAKEMAN |  | THOMAS A. ADAMS |
| :---: | :---: | :---: |
| County Executive | | County Attorney |

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

February 1, 2023

Via ECF
Hon. Joan M. Azrack
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re: Kutner v. County of Nassau, et al.
       22-CV-07530 (JMA)(ARL)

Dear Judge Azrack:

  This office represents defendants, Nassau County, Nassau County Executive Bruce A. Blakeman and Nassau County Police Commissioner Patrick J, Ryder in the above-referenced action. I write to respectfully inform Your Honor of a recent court decision by the Hon. James P. McCormack of New York State Supreme Court, County of Nassau filed January 31, 2022 which addresses most of the issues raised by plaintiff Harry Kutner, Jr. ("plaintiff") in the instant action.

  Justice McCormack's decision, a copy of which is annexed hereto, was rendered in the CPLR Article 78 case of *Kamenshick v. Ryder*, Index No. 612917/2022. In that case petitioner Kamenshick challenged Commissioner Ryder's authority to impose conditions for the issuance of pistol licenses in Nassau County following the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022).

  Justice McCormack made the following rulings:

1) An application for a pistol license must be accepted only when "all requirements have been met, and fees paid."

2) The plain text of New York Penal Law sec. 400.00(1)(o)(v) makes it clear that the licensing officer is entitled to seek "such other information" that he believes will assist him in evaluating the permit application, and that the New York State Legislature intended to give the licensing officer this discretion.

3) The requirement that an applicant submit an NCPD application packet is not arbitrary and capricious.

4) There has not been an explanation provided as to why an applicant must be fingerprinted by Nassau County Police Department's Pistol License Section as

opposed to a local police precinct. Therefore, a question has been raised as to whether this rule is arbitrary and capricious.

5) The character references needing to be sworn to under oath is not arbitrary and capricious, nor is the requirement that the references reside in Nassau County for at least one (1) year.

6) There has not been an explanation provided as to why a character reference cannot be law enforcement and cannot be related to one another.

7) A requirement to provide an abstract of traffic offenses is not arbitrary and capricious.

8) Because 400.00(1)(e) specifically excludes users of illegal drugs, urinalysis is appropriate.

9) Requiring a list of social media accounts is appropriate.

Justice McCormack ordered that respondents provide answers to the open questions within five (5) days of Notice of Entry of his decision.

Finally, with respect to the court conference scheduled before Your Honor on February 9, 2023 at 9:30 a.m., please note that if Your Honor wishes to reschedule the conference for the week of February 13, 2023, I will not be available on February 13 and 14, 2023 due to previous commitments, including a court conference in Brooklyn and a court-ordered deposition, in other cases.

As always, defendants thank Your Honor for your attention and consideration in this matter.

Respectfully submitted,

/s/ Ralph J. Reissman
RALPH J. REISSMAN

cc: Harry H. Kutner, Jr., Plaintiff *pro se* (Via ECF)

SUPREME COURT - STATE OF NEW YORK

PRESENT:

<u>Honorable James P. McCormack</u>
              **Justice**

-----------------------------------------------------------x    **TRIAL/IAS, PART 8**
                      **NASSAU COUNTY**

**In the Matter of JOSEPH KAMENSHCHIK,**

         **Petitioner(s),**

                      **Index No.:**   **612719/22**

**For an Order of Mandamus to Compel Pursuant to Penal Law sec 400.00 and for a Declaratory Judgment Pursuant to CPLR §3001,**

                      **Motion Seqs. No.:**   **001 & 002**
                      **Motion Submitted:**   **11/17/22**

       **-against-**

**PATRICK RYDER, in his Official Capacity as Commissioner of the Nassau County Police Department and as Licensing Officer under Penal Law §400.00 for Nassau County, and all successors therein,**

         **Respondent(s).**

-----------------------------------------------------------x

The following papers read on this motion:

    Notice of Petition/Supporting Exhibits............................................X
    Notice of Cross Motion/Supporting Exhibits..................................X
    Affirmation In Opposition and Reply...............................................X

  Petitioner, Joseph Kamenshchik (Kamenshchik), brings this hybrid proceeding

(Motion Seq. 001), pursuant to CPLR Article 78 and CPLR §3001, seeking a judgment

from this court directing Respondents to allow Kamenshchik to submit a pistol permit

application by providing the information required pursuant to Penal Law §400.00, and without the other requirements imposed by Respondent, Patrick Ryder (Commissioner Ryder), in his Official Capacity as Commissioner of the Nassau County Police Department and as Licensing Officer under Penal Law §400.00 for Nassau County. Commissioner Ryder opposes the petition and cross moves (Motion Seq. 002) to dismiss the petition. Kamenshchik opposes the cross motion.

The facts of this case are largely undisputed, Kamenshchik is a resident of Nassau County who attempted to submit an application for a pistol permit in Nassau County. Kamenshchik claims that his permit application complied with all of the requirements of Penal Law §400.00, but that he was told his application would not be considered until he complied with other local requirements. He was also told that he was required to submit to having his fingerprints taken, but that he would need to wait approximately eight months for an appointment. Penal Law §400.00 requires four references, something Kamenshchik does not oppose, but Commissioner Ryder has added extra requirements such as the references have to be Nassau County residents for at least one year, may not be law enforcement and may not be married to one another. Further, the references must be made under the penalties of perjury.

Kamenshchik was given leave to amend his petition based upon Commissioner Ryder adding new requirements including that the applicant must submit to urinalysis and must provide access to current and past social media accounts. The court notes, however,

that as of December, 2022, Penal Law §400.00 was amended to also require a list of former and current social media accounts. As Kamenshchik has stated repeatedly that he is willing to comply with Penal Law §400.00 as written, the court will assume he does not oppose having to supply a list of former and current social media accounts.

Kamenshchik commenced this action by order to show cause that sought a temporary restraining order (TRO) that would direct Commissioner Ryder to accept the state application, known as PPB-3, along with two passport photos and the four references, to direct Commissioner Ryder to complete the Jurat on the last page, and to accept Kamenshchik's application fee. After the court held a phone conference with Kamenshchik and counsel for Commissioner Ryder, it was agreed that Commissioner Ryder would accept the PPB-3 with the photos and the references, and would accept the fee, but would not have to fill out the Jurat. According to his papers, Kamenshchik requested an appointment to be fingerprinted in November, 2022 and was given an appointment date of July 20, 2023.

This case is brought within the very large shadow of the recent United States Supreme Court case of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* addressed, *inter alia*, New York's requirement that a person seeking a pistol license to carry a loaded weapon for self defense outside of their home or business was required to show "proper cause". By comparison, to have a loaded weapon inside the home or business, the standard is a showing of good moral character, that the

applicant does not suffer from mental illness or have a criminal background, and that no "good cause" exists for a denial of the license. The U.S. Supreme Court determined that the "proper cause" requirement violated the Second and Fourth Amendments of the United States Constitution. The *Bruen* decision affirms a state's right to impose some restrictions on weapon ownership. Justice Alito, in his concurring opinion, stated succinctly: "Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago*, 561 U.S. 742, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010), about restrictions that may be imposed on the possession or carrying of guns." However, the U.S. Supreme Court did find that New York's "proper cause" standard added a layer of consideration- a difference between being able to possess a gun in the home for self defense and possess one in public for self defense- that was not contemplated by the Second Amendment.

This court is not certain that *Bruen* has a direct impact on the issues to be considered in this case. Nassau County's rules do not create a second category of pistol permit applicants, but instead, Nassau County expands on requirements that, for the purposes of this petition only, Kamenshchik does not challenge. Kamenshchik does not challenge the need for fingerprinting, but challenges the delay. He does not challenge the requirement that one provide references, but he challenges Nassau County's requirements

4

that the references, *inter alia*, must be in affidavit form, under the penalties of perjury. He does not challenge the necessity of having to submit an application, but he challenges Nassau County's requirement of additional documents to be filed with that application. Kamenshchik accepts having to provide a criminal history abstract, but opposes needing to include a traffic violations history. Finally, Kamenshchik accepts the necessity of showing he is not involved with illegal drugs, but opposes having to be subject to a urinalysis.

To determine the ultimate issues raised by the petition, this court will have to answer two questions. The first is whether Commissioner Ryder is authorized to add requirements to a pistol permit. Clearly, if the answer is "no", then the petition must be granted. If the answer is "yes", then the second question is whether the added requirements are arbitrary and capricious. However, before those issues are even addressed, the court must decide Commissioner Ryder's motion to dismiss.

Commissioner Ryder's first argument is that the Art. 78 part of Kamenshchik's prayer for relief is improper since it seeks, in essence, summary judgment on the ultimate issues in the case. The court disagrees. This court interprets the Art. 78 petition to demand that Commissioner Ryder accept a pistol permit application that conforms to Penal Law §400.00, with no other requirements. Therefore, the relief sought is in the nature of mandamus.

Mandamus is an "extraordinary remedy" that should only be used in "limited

5

circumstances". (*Mensch v Planning Bd. of Vil. of Warwick*, 189 AD3d 1245 [2d Dept 2010], *quoting Klosterman v Cuomo*, 61 NY2d 525 [1984]). Mandamus should be invoked to compel a ministerial act, but is not available to compel a discretionary act. (*Mensch v Planning Bd. of Vil. of Warwick*, *supra*.). An official can only be directed to perform a legal duty, not how that duty is performed. *Id*. The party seeking relief in the form of mandamus must have a clear right to the relief.

Herein, it is important to specify that Kamenshchik is not seeking an order directing Commissioner Ryder to *approve* his application. He seeks an order directing Commissioner to *accept* his application. Accepting the application is a ministerial act. As long as all requirements have been met, and fees paid, the application must be accepted. Whether or not it is approved and the pistol permit issued is the discretionary act, and one not implicated in this petition.

Commissioner Ryder's second argument is that Kamenshchik has not alleged a justiciable controversy. In citing to, *inter alia, Matter of Montano v County of Legislature of County of Suffolk*, 70 AD3d 203 [2d Dept 2009], Commissioner Ryder argues that the judiciary may not intrude or usurp the powers allocated to the executive. By trying to have the court determine Kamenshchik's eligibility, as opposed to the licensing officer, such an intrusion would occur. The court agrees with the underlying sentiment, but disagrees that Kamenshchik is asking to the court to do so. Again, he is not asking the court to direct he be given a permit. He is asking that his application be

considered solely based upon the requirements of Penal Law §400.00. Further, as is discussed at greater length, *infra*, this court must interpret the meaning of the last sentence of Penal Law §400.00(1) to properly rule on the petition. This court doubts that any party would question a court's right and duty to perform statutory interpretation when parties differ over the meaning of the wording of a statute.

Next, Commissioner Ryder alleges that Kamenshchik lacks standing to bring this proceeding. Standing is a threshold issue that determines whether a person or entity should have access to the court to adjudicate a dispute. (*Frankel v. J.P. Morgan Chase & Co.*, 193 AD3d 689 [2d Dept 2021]). For standing to exist, a party must establish an injury in-fact and that the alleged injury is within the zone of interests the statute intends to impact. *Id*. The claimed injury must not be speculative, but must be based upon harm the plaintiff will suffer or has suffered. *Id*. Herein, Kamenshchik will suffer an injury if he is improperly denied the right to seek a pistol permit. Penal Law §400.00 is intended to impact all New York residents who wish to apply for a pistol permit, therefore Kamenshchik is within the zone of interest. The court therefore finds he has standing.

Finally, the court rejects Commissioner Ryder's preemption argument that Kamenshchik has failed to demonstrate a conflict between Penal Law §400.00 and the way Commissioner Ryder evaluates credentials. In the purest sense, there is such a conflict in that Commissioner Ryder rejects any application that completely complies with Penal Law §400.00, but fails to comply with his requirements. As such, the motion to

7

dismiss the petition will be denied.

As for the merits of the petition, as stated *supra*, the first issue is the wording of Penal Law §400.00(1), and specifically the very last line. Penal Law §400.00(1)(a) through (n) addresses who may receive a permit. Penal Law §400.00(1)(o) states what requirements must be met, as follows:

> (o) for a license issued under paragraph (f) of subdivision two of this section, the applicant shall meet in person with the licensing officer for an interview and shall, in addition to any other information or forms required by the license application submit to the licensing officer the following information: (i) names and contact information for the applicant's current spouse, or domestic partner, any other adults residing in the applicant's home, including any adult children of the applicant, and whether or not there are minors residing, full time or part time, in the applicant's home; (ii) names and contact information of no less than four character references who can attest to the applicant's good moral character and that such applicant has not engaged in any acts, or made any statements that suggest they are likely to engage in conduct that would result in harm to themselves or others; (iii) certification of completion of the training required in subdivision nineteen of this section; (iv) a list of former and current social media accounts of the applicant from the past three years to confirm the information regarding the applicants character and conduct as required in subparagraph (ii) of this paragraph; and (v) *such other information required by the licensing officer that is reasonably necessary and related to the review of the licensing application*. (Emphasis added.)

The issue to be decided is if the last sentence, known as Penal Law §400.00(1)(o)(v) gives Commissioner Ryder the discretion to expand upon the requirements of Penal Law

8

§400.00(1)(o)(i)-(v). In interpreting a statute, the court must look at the intent of the legislature, which is best stated in the plain text of the law itself. (*Lubonty v. U.S. Bank N.A.*, 34 NY3d 250 [2019]). The plain text makes it clear that the Licensing Officer, in this situation Commissioner Ryder, is entitled to seek "such other information" that he believes will assist him in evaluating the permit application.

Kamenshchik cites to *Chwick v Mulvey*, 81 AD3d 161, (2d Dept 2010) in support of his argument that Nassau County cannot expand upon the requirements of Penal Law §400.00(1). In that case, Nassau County had passed a local ordinance outlawing "deceptively colored" handguns. The Appellate Division, Second Department found that Penal Law §400.00 preempted the local ordinance, and focused on the fact that a pistol permit is valid throughout New York State, meaning someone from a county other than Nassau with a valid permit and a "deceptively colored" gun could find themselves criminally liable for bringing that gun into Nassau County. The *Chwick* court found that such a situation would interrupt the uniformity that was intended to be created by Penal Law §400.00: "As such, no locality may supplant the licensing requirements provided by Penal Law §400.00, since to do so would undermine the system of uniform firearm licensing [cite omitted]. Our conclusion is further supported by the fact that a firearm license issued in any county in the State is valid in any other county within the State...". *Id*. at 171.

At first blush, *Chwick* would seem to bolster Kamenshchik's arguments.

However, there is a very important detail that Kamenshchik ignores. The version of Penal Law §400.00 that was in effect in May, 2008, when the Nassau Ordinance was in effect, is different from the version in existence today in many respects, with the most importance difference being, as related to the within petition, that the "such other information" language was not a part of the statute in 2008. In fact, the "such other information" language does not appear until September, 2022, post-*Bruen*. While the legislative history makes it clear the numerous changes to Penal Law §400.00(1) that took effect starting in September, 2022 were in response to *Bruen*, there is no specific discussion of the intent of the "such other information" language. Therefore, relying on the plain text, it is clear that the legislature intended to give the Licensing Officer discretion to require additional information. While this could impact the uniformity intent of the prior versions of Penal Law §400.00 about which the *Chwick* court expressed concern, the difference is that the law addressed in *Chwick* made it possible for someone to be committing a crime for owning a certain colored gun in Nassau County where the same conduct would not be a crime in other counties. Assuming Licensing Officers statewide now have discretion to add extra requirements as a result of Penal Law §400.00(o)(v), it may become easier in one county to gain a pistol permit than in another county, and that this could potentially result in forum shopping for pistol permits, but it does not raise the *Chwick* concerns of someone facing jail time for possessing a gun that in a neighboring county would be completely legal.

As this court finds it was the legislature's intent to give Licensing Officers discretion to require applicants to provide additional information, the question remains whether the additional Nassau County requirements are arbitrary and capricious, or an abuse of discretion[1].

CPLR Article 78 relief from an administrative determination is available pursuant to CPLR 7803, which holds:

> The only questions that may be raised in a proceeding under this article are:
>
> 1. whether the body or officer failed to perform a duty enjoined upon it by law; or
>
> 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
>
> 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
>
> 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.

---

[1] In commencing this analysis, this court acknowledges that the Hon. Glenn T. Suddaby of the U.S. District Court for the Northern District of New York issued a decision in November, 2022 in the case of *Antonyuk v. Hochul*, ___ F.Supp3d ___, 2022 WL 16744700 [NDNY 2022], finding the "such other information" language, along with many other provisions of the newly amended Penal Law §400.00, was likely unconstitutional and granted the plaintiffs in that action a preliminary injunction staying enforcement of the statute. This court further notes that the 2nd Circuit Court of Appeals stayed Judge Suddaby's order on December 7, 2022. That stay remains in effect. While this court has not been asked to rule on the constitutionality of Penal Law §400.00 and therefore declines to do so, to the extent that this court's decision conflicts with Judge Suddaby's decision, this court respectfully declines to adopt the rationale put forth by Judge Suddaby.

> 5. A proceeding to review the final determination or order of the state review officer pursuant to subdivision three of section forty-four hundred four of the education law shall be brought pursuant to article four of this chapter and such subdivision; provided, however, that the provisions of this article shall not apply to any proceeding commenced on or after the effective date of this subdivision.

Kamenshchik appears to be arguing in favor of both CPLR Art. 7803(1) (mandamus to compel) and CPLR 7803(3) (mandamus to review) (*see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753 [1991]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2d Dept 2005]; CPLR § 7801[1]).

"It is well settled that a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion." (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]; *Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton*, 1 NY2d 508, 520 [1956]). "The petitioners have the burden of showing that respondent's determination was arbitrary, capricious or affected by an error of law" *(Matter of Grossman v. Rankin*, 43 NY2d 493 [1977]; *see Matter of Rosner v Civil Serv. Comm.*, 38 AD2d 628 [3d Dept 1971]).

The First Cause of Action in the petition challenges Nassau County's imposition of an "application packet" above and beyond what is required by the PPB-3. This packet contains the floowing: 1) Five pages of instructions, 2) a two page questionnaire that

seeks very similar information to the PPB-3, 3) a one page Pistol/Semi-Automatic Rifle Declarations Page that requires the applicant to acknowledge a few items. These items include their license is not valid in New York City except under certain circumstances, and that they cannot purchase a weapon from out-of-state and bring it into New York state unless it is purchased from an out-of-state Federal Arms Dealer who delivers it to a Federal Arms Dealer in New York from where the applicant can retrieve the purchased weapon, after receiving a "Purchase Document" from the Nassau County Police Department's Pistol License Section. The declaration form further has the applicant acknowledge that the gun will be secured in a safe or lockbox and will not be left in a vehicle, 4) a Pistol/Semi-Automatic Rifle Licensee's Residence Declaration wherein the applicant acknowledges that persons in their home will be made aware that the applicant will possess a gun in that home, and 5) a form that appears to be an optional form the applicant fills out if they do not want the information contained in the permit application to become public record. The court sees nothing arbitrary of capricious in Commissioner Ryder requiring further, detailed information about the person seeking a permit.

The Second Cause of Action focuses on fingerprinting. It appears that Commissioner Ryder will only accept fingerprinting performed by the Pistol Licensing Section, and that it take at least six months to get an appointment to be fingerprinted by the Pistol Licensing Section. Kamenshchik points out that other jurisdictions allow private, third parties to perform fingerprinting, and that he went to a local precinct, paid a

13

fee to be fingerprinted, and tried to offer this to Commissioner Ryder who rejected it. The court understands why Commissioner Ryder may not want to accept fingerprinting from a private third party, but the court has been offered no explanation why there must be a six-plus month wait to be fingerprinted by the Pistol Licensing Section as opposed to allowing any precinct under his command who can do it sooner to perform that act. It is possible Commissioner Ryder has an explanation for this, but none has been offered. Therefore, Kamenshchik has, at the very least, raised a question as to whether this rule is arbitrary.

The Third Cause of Action challenges Commissioner Ryder's requirements regarding character references, traffic infractions and urinalysis. While Penal Law §400.00 does require character references, Commissioner Ryder requires those references to live in Nassau County for at least one year, to not be related to one another, to not be in law enforcement, and to submit their references in affidavit form, under the penalties of perjury. The court rejects Kamenshchik's argument that a reference having to swear under oath might be a deterrent to those who would normally agree to provide a reference. The only personal reference an affidavit would deter is someone who was not intending to be truthful. Further, the court understands the rationale behind wanting a reference to have been a Nassau County resident for at least one year. Someone who has been a resident for at least one year would have a greater investment, personal and otherwise, in what takes place in the county, and in the persons who will be licensed to

carry weapons in Nassau County, than someone who has been a resident for a shorter period of time, and may not intend on staying in Nassau County. However, there is no explanation or rationale as to why the references cannot be law enforcement, and cannot be related to one another.

As for an abstract of traffic offenses, the court finds such a requirement is not arbitrary or capricious. A person with numerous traffic infractions is potentially someone with a lesser respect for the law, and this is information that could impact whether one is fit for a pistol license.

Because Penal Law §400.00 (1)(e) specifically excludes someone who uses or is addicted to illegal drugs, the requirement of urinalysis is appropriate. Finally, even if Kamenshchik would indicate that he still challenges having to supply a list of social media accounts, despite it being listed in Penal Law §400.00(1), the court would still find it an appropriate requirement. The court can take notice of the fact that social media is pervasive in our society, and that people make statements, and upload images and videos, that can supplement and/or confirm information submitted regarding moral character.

The petition will be denied in part, and the parts that are not denied shall be subject to further proceedings. Pursuant to CPLR §7804(f), Commissioner Ryder shall have five days from being served with notice of entry of this order to serve an answer to as much of the petition as has not been dismissed. To the extent that the petition seeks a declaratory judgment, it will be denied without prejudice, with leave to renew if necessary, once

proceedings on the Art. 78 have been resolved.

Accordingly, it is hereby

**ORDERED**, that the petition (Motion Seq. 001) is DENIED in part. The First Cause of Action is dismissed in its entirety. The Second Cause of Action is dismissed except to the extent that it is alleged that the delay in scheduling fingerprinting is arbitrary and capricious. The Third Cause of Action is dismissed except related to allegations that the requirement that personal references not be related and not be law enforcement are arbitrary and capricious; and it is further

**ORDERED**, that Commissioner Ryder's motion (Motion Seq. 002) to dismiss is DENIED; and it is further

**ORDERED**, that the TRO issued on September 27, 2022 remains in effect until further order of the court.

This shall constitute the decision and order of this Court. The court has considered the remaining arguments of the parties and finds them to be without merit.

Dated: January 30, 2023
       Mineola, N.Y.

_____
Hon. James P. McCormack, J. S. C.