LAW OFFICES OF

# HARRY H. KUTNER, JR.

1325 FRANKLIN AVENUE, SUITE 225
GARDEN CITY, NEW YORK 11530
(B) (516) 741-1400
(E) HHKUTNERLAW@GMAIL.COM

JOSEPH V. SCHETTINO
DIRECT DIAL (516) 825-4466

HON. HARRY H. KUTNER, SR.
JUSTICE, SUPREME CT. (DEC'D)

OF COUNSEL

STEPHEN D. KUTNER (DEC'D.)
THEODORE W. ROBINSON (DEC'D.)

February 2, 2023

*VIA ECF ONLY*
Hon. Joan M. Azrack
U.S. District Judge
100 Federal Plaza
Central Islip, New York 11722-4438

Re: KUTNER, etc. v. COUNTY OF NASSAU, et al.
CV # 22-7530

Honorable Madam:

My January 31st letter (Doc.15) predicted but sought to end a continuous "battle by letters" as procedurally inappropriate to address the proprieties of defendants' behavior in the context of a TRO-PI application.

Defendants' February 1st letter enclosing the state court decision has made me appear prescient, despite its argument's glaring and irrefutable defect. Even before reading all of the Article 78 papers, the difference was immediately apparent: that petitioner was applying for a *new* license, and had not already been many times approved as had I as an existing licensee. Thus defendants' citation of the decision is of no precedential value. If the TRO-PI issue within defendants' licensing system is to be briefed, again it is submitted that it should be done through an OSC.

As a tip to save time for Your Honor and law clerks, the Article 78 petitioner's name and index number are both incorrect in defendants' letter (decision to be used). However in reading *Kamenshchik*, defendants inadvertently re-emphasized their system's constitutional disdain: without any legislative branch authority, not even in the constitutionally overreaching

seven-day post-*Bruen* "CCIA," defendants themselves created an even more restrictive gauntlet of Nassau County-unique but illegal additional requisites [fingerprinting, personal references (number, restrictions as to relationship-occupation-residency), urinalysis, social media exchanges and contacts plus passwords for all accounts, driver's license lifetime history, etc., etc.] all unsupported by the "CCIA" and violating the state preemption doctrine analyzed in *Chwick v. Mulvey*, 81 A.D. 3d 161, 169-172 (2d Dept. 2010), incidentally also clipping an attempted overreach by these same defendants.

Again it is requested that the TRO-PI issue be addressed formally.

Respectfully submitted,

Harry H. Kutner, Jr.

HHK/pm

cc: Ralph J. Reissman, Esq.
Attorney for defendants