# LAW OFFICES OF
# HARRY H. KUTNER, JR.

1325 FRANKLIN AVENUE, SUITE 225
GARDEN CITY, NEW YORK 11530
(B) (516) 741-1400
(E) HHKUTNERLAW@GMAIL.COM

JOSEPH V. SCHETTINO
DIRECT DIAL (516) 825-4466

HON. HARRY H. KUTNER, SR.
JUSTICE, SUPREME CT. (DEC'D.)

OF COUNSEL

STEPHEN D. KUTNER (DEC'D.)
THEODORE W. ROBINSON (DEC'D.)

January 15, 2025

*VIA ECF ONLY*
Hon. Joan M. Azrack
U.S. District Judge
100 Federal Plaza
Central Islip, New York 11722-4438

      Re: KUTNER, etc. v. COUNTY OF NASSAU, et al.
         CV # 22-7530

Honorable Madam:

   This is in opposition to defendants' December 19th letter request for dismissal with prejudice. Reserving the opportunity to serially address each of defendants' arguments, it is submitted that there are no grounds for a dismissal with prejudice, especially if as defendants claim that the action was never properly commenced. And, my proposed resolution set forth herein at the end would obviate any need for a formal motion.

   If the Court decides to devote any time to discuss a resolution, the crux of the dispute is as Your Honor succinctly observed when Mr. Reissman and I appeared on January 19, 2023: that upon my permit's renewal, defendants downgraded my former "Business" carry permit to the most restricted "Target-Hunting," despite my having been a U.S. Marine, state police officer, and 30+ year unblemished Nassau County permittee. The defendant's solution was *an offer to allow me to file <u>an application</u> for a* permit *without any guaranty of issuance* (despite my being a past and continuing permittee). The Court's chagrin was voiced as Your Honor suggested that they issue me a full carry permit, agreed to by Mr. Reissman but later countermanded by the Police Department.

# HARRY H. KUTNER, JR.
### ATTORNEY-AT-LAW

    My suggested resolution now: I am currently scheduled to take the CCW course and upon completion will be eligible for a "Full Carry" permit. Thus, if defendants agree to issue me the permit upon completion, without necessity of an application and 6-month wait (imposed merely to harass-deter me from the suit, and unnecessary from the County's history of my permit), I will discontinue the action.

    The above will also practically benefit the County in avoiding the substantial expense of outside counsel in long and arduous litigation and the possibility of damages for depriving an already approved 77-year old permittee of his Second Amendment right without any cause.

                Respectfully submitted,

                 Harry H. Kutner, Jr.

HHK/pm

cc: Joshua M. Liebman, Esq.
  Attorney for defendants