

100 Garden City Plaza, Suite 408, Garden City, New York 11530   TELEPHONE 516-747-7400

**Joshua M. Liebman**  
Partner  
EMAIL ADDRESS:   JLIEBMAN@ROSENBERGLLP.COM

DIRECT DIAL:   (516) 747-7400 (Ext. 333)  
Fax:   (516) 747-7480

January 16, 2025

**VIA ECF**

Honorable Joan M. Azrack, United States District Judge  
United States District Court, Eastern District of New York  
100 Federal Plaza  
Courtroom 920  
Central Islip, New York 11722

      Re:    *Harry H. Kutner, Jr., et al. v. County of Nassau, et al.*  
            2:22-cv-07530-JMA-ARL  
            United States District Court, Eastern District of New York

Dear Judge Azrack:

      We are the attorneys for the defendants, County of Nassau, Bruce A. Blakeman, and Patrick J. Ryder (collectively, the "County") in this matter. We respectfully write in response to plaintiff, Harry H. Kutner Jr.'s ("Plaintiff") letter dated January 15, 2025 (ECF No.: 36) and much belated attempt to resurrect this case that has been dormant and abandoned for over one year.

      Coming in at this late hour to wage a dispute against his failure to prosecute this matter defies the actual factual circumstances and timelines present in this case, and even the Court's very own Individual Rules. On December 19, 2024, the County submitted a Request to Schedule/Waive a Pre-Motion Conference Pursuant to Individual Rule IV(B). (See, ECF No.: 35). Section IV(B) of the Court's Individual Rules explicitly provided for a response within seven days, or December 26, 2024. Consistent with his pattern of neglect in this matter, Plaintiff did not file a response until yesterday, January 15, 2025, 20 days later,[1] wherein he does not address his failure to prosecute. For this reason alone, it is respectfully submitted that the Court reject Plaintiff's eleventh-hour attempt to salvage himself from his own misgivings.

---

[1] Even if we give the Plaintiff the benefit of counting the holidays, Plaintiff's submission was still late, and not in compliance with the Court's Individual Rules.

{00499367-3}



Further, we respectfully wish to remind the Court that on February 21, 2023 – close to two (2) years ago – this matter was stayed based on the parties' consent and Plaintiff's request to do so. Indeed, at the conference that day, Plaintiff informed the Court that the Concealed Carry Improvement Act ("CCIA") permitting requirements for concealed carry permits were subject to multiple then-pending appeals that were being heard together by the Second Circuit in <u>Antonyuk, et al. v. Chiumento, et al.</u>, 89 F.4th 271 (2d. Cir. 2023), which would directly impact this case.

The Second Circuit issued its decision, over one (1) year ago, on December 8, 2023, definitively upholding essentially all the application requirements of New York's CCIA. Especially considering that it was Plaintiff who initially informed the Court of the then-pending <u>Antonyuk</u> matter, it would seemingly then be obvious that Plaintiff would inform the Court of the Second Circuit's decision and attempt to reactivate this case. However, Plaintiff did no such thing and continued to lie dormant and string the County along in this meritless litigation. On March 18, 2024 we sent a letter to Plaintiff which we filed on the docket (ECF No. 33) asking him to confirm that in light of the Second Circuit's ruling in <u>Antonyuk</u>, whether he would accept the County's previously conveyed offer to expedite the review of his application, and to dismiss this matter "*without prejudice*" to its reactivation based on the approval of his application. The letter in part pointed out that, in addition to his claims being foreclosed by <u>Antonyuk</u> and a number of other insurmountable defects, Plaintiff's failure to apply for a CCIA concealed carry permit negates any claim of damages, and the enactment of the CCIA and the County's repeated offer to expedite a concealed carry application under the CCIA renders this suit academic and moot. Plaintiff similarly did absolutely nothing and failed to respond.[2]

Accordingly, since it has been close to two (2) years since this matter was stayed by the Court based on Plaintiff's direct request to do so, over one (1) full year since the Second Circuit's decision in <u>Antonyuk</u>, and Plaintiff has refused to prosecute this matter, we respectfully request that this action be dismissed with prejudice pursuant to FRCP Rule 41(b).[3]

---

[2] Plaintiff's "suggested resolution" in his letter that the County should issue him a full carry permit "without necessity of an application" is absurd on its face. Nowhere in the United States of America, unless you are doing so illegally of course, can one obtain a gun license <u>without</u> an application. An application is a critical and obviously necessary requirement for doing so.

[3] <u>Lewis v. Nationstar Mortgage LLC</u>, 2019 WL 11624580, *1 (E.D.N.Y. 2019) ("It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct.") [internal citations omitted]; <u>Astudillo v. Island Wide Building Services, Inc.</u>, 2021 WL 1193045, *4 (E.D.N.Y. 2021) (action dismissed for failure to prosecute since the "action appears destined to remain on the docket in perpetuity, consuming judicial resources and imposing costs on defendants all the while."); <u>M & H Cosmetics, Inc. v. Alfin Fragrances, Inc.</u>, 102 F.R.D. 265, 267 (E.D.N.Y. 1984) (motion to dismiss for failure to prosecute granted because "plaintiff has made no move to press this action over the course of seventeen months, has not moved to make discovery and has substantially failed to respond to discovery requests, and from every appearance has not prepared its case. Manifestly there is no intent to proceed to litigation."); <u>Hwang v. Pertutti New York, Inc.</u>, 705 F.Supp.3d 88, 92 (E.D.N.Y. 2023) ("A district court has the inherent power to dismiss an action on its own motion if the plaintiff fails to prosecute the case.").



We greatly appreciate the Court's consideration and attention to this matter.

                                                   Respectfully submitted,

                                                   **ROSENBERG CALICA BIRNEY LIEBMAN & ROSS LLP**

By: _____
                        Joshua M. Liebman
                        Judah Serfaty

cc: Harry H. Kutner, Jr. (via ECF)